UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREK N. JARVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 17-1806 (EGS) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOUSING AND URBAN DEVELOPMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Derek N. Jarvis brings this action against the United States Department of Housing and Urban Development ("HUD") under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. This matter is before the court on Defendant's Motion for Summary Judgment, ECF No. 8. For the reasons discussed below, the court GRANTS defendant's motion.[1]

### I. BACKGROUND

By letter dated November 22, 2016, plaintiff sent a request to HUD for "all document(s) related to Derek N. Jarvis, and Shirley J. Pittman, and record(s) related to Jarvis and Pittman," including phone records, emails, and letters. Compl., Ex. 1 (exhibit numbers designated by the court). Roughly three months later, plaintiff sent a second letter to HUD which in relevant part stated:

---

[1] The court grants HUD's Motion to Strike Plaintiff's Improper Surreply, ECF No. 13, and strikes Plaintiff's Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment, ECF No. 12.

> On November 22, 2016, I submitted a letter to HUD requesting all records, documents, emails[,] phone records, logs[,] etc., pertaining to Derek Jarvis. Derek Jarvis has filed several complaints with HUD against Landlords since 2006, and the agency has failed to enforce housing violations and discrimination that he has been subjected to, engaging in fraud and possible conspiracy.
>
> It has now been approximately, (3) months since I first requested this information . . . , and I have not received any information from HUD . . . . HUD had engaged in fraudulent practices during the prior administration and refused to enforce housing violations and in some cases which I experienced facilitated the housing violations by landlords.

*Id*., Ex. 2. Plaintiff sent both requests to HUD's Secretary "by first class postal mail to HUD's Washington[,] DC address on 451 7th Street, S.W." Jarvis Decl. ¶ 5.[2] He filed this civil action on August 28, 2017, by which time HUD had not responded to either request. Compl. ¶¶ 4-5.

## II. DISCUSSION

A FOIA case typically and appropriately is decided on a motion for summary judgment. *See, e.g., Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of the Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (citations omitted). Summary judgment is granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under FOIA, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester; as such, only after an agency proves that it has fully discharged its FOIA

---

[2] Plaintiff's declaration is an exhibit to his opposition to HUD's motion for summary judgment, ECF No. 10. Two paragraphs are designated paragraph number 5, and here the Court refers to the second of those paragraphs.

obligations is summary judgment appropriate. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983)).

In reviewing a motion for summary judgment under FOIA, the court conducts a de novo review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The court may award summary judgment solely on the basis of information provided by the agency in an affidavit or declaration. *See Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). An agency's affidavit or declaration must be "relatively detailed and non-conclusory." *SafeCard Serv., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted). It is accorded a presumption of good faith, which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents." *Id.* (citing *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981) (per curiam)).

HUD argues that it was under no obligation to search for or to release records because it did not receive either the November 22, 2016 or the February 16, 2017 request. In support of its motion, HUD submits the declaration of Deborah R. Snowden, Deputy Chief Freedom of Information Act Officer in the Office of the Executive Secretariat. Ms. Snowden explains HUD's procedures for processing FOIA requests as follows:

> 2. When a FOIA request is received by HUD, it is first entered into the FOlA Management System ("FMS") and assigned a FOIA control number . . . . Requests submitted . . . through the mail are date-stamped upon receipt and immediately forwarded to appropriate staff for entry into FMS. The request is then analyzed and assigned to a [Government Information Specialist] to process. An acknowledgement letter is sent to the requester within 24 hours of receipt detailing the date the request was received, the FOIA control number assigned to the request, and an overview of HUD's FOIA processing timeline. Once a request has been assigned a FOIA control number, it can be tracked through FMS at all stages of processing, including after the request has been closed. All requests logged into FMS contain the request date, the receipt date, the requester's name and contact information, and a description of

> the records being sought. A request can be located using any of these identifiers, as well as the assigned control number.
>
> 3. All FOIA requests received by [HUD], regardless of the office to which they are addressed, are immediately routed to the FOIA Branch for intake and processing. Requests addressed to the Office of the Secretary ("OSEC") are treated no differently. Upon receipt of any correspondence marked as a FOIA request – or any correspondence construed as a request for agency records, even if not marked as such – OSEC will immediately deliver the request to the FOIA Branch. OSEC does not itself process or respond to FOIA requests.

Decl. of Deborah R. Snowden, ECF No. 14-1 ("Snowden Decl.") ¶¶ 2-3.

When HUD received plaintiff's complaint, its declarant explained that staff conducted "multiple searches . . . in FMS for any requests matching the description provided by [p]laintiff." Snowden Decl. ¶ 4. HUD located two FOIA requests, one from 2008 and the other from 2012, to which HUD's Region III office in Philadelphia, Pennsylvania already responded. *Id*. These matters had been closed. *Id*. In addition, staff searched all FOIA requests to HUD dated November 22, 2016 and February 16, 2007, and did not locate plaintiff's November 22, 2016 or the February 16, 2017 request among them. *Id*. Lastly, staff searched "HUD's Correspondence Tracking System [for] non-FOIA correspondence," and found "three matching results for [p]laintiff's name" from 2008, 2009 and 2012. *Id*. No record matching either of the requests identified in the complaint were located. *Id*.

Plaintiff challenges HUD's assertion that it did not receive his two FOIA requests. In his view, HUD "simply failed to respond" because its response "could possibly implicate HUD in a criminal conspiracy against [him]." Pl.'s Mem. in Opp'n to HUD Defs.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 3.[3] Plaintiff opines that "HUD conspired against [him] along with leasing

---

[3] Plaintiff mentions discovery and refers to Fed. R. Civ. P. 56(f), *see* Pl.'s Opp'n at 1, which the court construes as a motion under Fed. R. Civ. P. 56(d)(2) to take discovery. The motion is denied because there is no declaration to "outline the particular facts he intends to discover and

4

realtors and other entities to evict [him] from his dwelling at least twice," *id*., and that records responsive to his FOIA request would support this claim.

This court's jurisdiction under the FOIA "is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). The fact that plaintiff mailed his FOIA requests does not impose any obligation on HUD. "Rather, the *receipt* of a request by the agency is the legally significant event that triggers the commencement of the FOIA request and that enables a requester, such as [p]laintiff, who is dissatisfied with the agency response to seek recourse from federal courts." *Freedom Watch v. Bureau of Land Management*, 220 F. Supp. 3d 65, 69 (D.D.C. 2016) (emphasis in original).

"It is axiomatic that an agency has no obligation to respond to a request that it did not receive." *Willis v. U.S. Dep't of Justice*, 581 F. Supp. 2d 57, 68 (D.D.C. 2008) (citation omitted). Plaintiff's burden on summary judgment is to demonstrate the existence of a genuine dispute of material fact regarding HUD's compliance with the FOIA. Here, to meet his burden, plaintiff "must offer evidence that the requests were received by the agency, rather than merely stating that the requests were placed in the mail." *Pinson v. U.S. Dep't of Justice*, 61 F. Supp. 3d 164, 184 (D.D.C. 2015). Plaintiff does not demonstrate HUD's receipt of his FOIA requests, and "[w]ithout any showing that the agency received the request[s], the agency has no obligation to respond to [them]." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 U.S. Dist. LEXIS 11355, at *6 (D.D.C. June 6, 2005); *see Banks v. Lappin*, 539 F. Supp. 2d 228, 235 (D.D.C. 2008).

---

describe why those facts are necessary to the litigation," explain why he could not produce these facts in his opposition to the summary judgment motion, and demonstrate that the information he seeks is actually discoverable. *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99-100 (D.C. Cir. 2012) (citations omitted).

## III. CONCLUSION

Plaintiff does not demonstrate that HUD received his November 22, 2016 and February 16, 2017 FOIA requests, and HUD has not violated FOIA because it did not respond to plaintiff's requests. Therefore, the court grants HUD's motion for summary judgment. An Order is issued separately.

    Signed:    Emmet G. Sullivan
                   United States District Judge
                 April 24, 2018